IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DERRICK HARBORD,** an individual,<br><br>        Plaintiff,<br><br>        v.<br><br>**HOME DEPOT U.S.A. Inc. d.b.a.**<br>**The Home Depot,** a Delaware corporation,<br><br>        Defendant. | Case No. 3:16-cv-2179-SI<br><br>**OPINION AND ORDER** |

Steven C. Burke, CASE & DUSTERHOFF, LLP, 9800 SW Beaverton Hillsdale Highway, Suite 200, Beaverton, OR 97005. Of Attorneys for Plaintiff.

Elizabeth A. Falcone and Kelly S. Riggs, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC, 222 SW Columbia Street, Suite 1500, Portland, OR 97201. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Plaintiff Derrick Harbord worked as an employee for Defendant Home Depot U.S.C., Inc. from December 2013 through August 2015. Plaintiff's job title was "Asset Protection Specialist." Plaintiff alleges that in May 2015, he filed a written complaint with Defendant regarding the sexual harassment of Plaintiff's female co-employees. According to Plaintiff, Defendant took no corrective action, and Defendant began to treat Plaintiff differently. Plaintiff alleges that Defendant falsely reprimanded Plaintiff for violating company policy regarding the use of force against a suspected shoplifter. Defendant terminated Plaintiff's employment in August 2015. Based on these allegations, Plaintiff sued Defendant in state court, asserting two

PAGE 1 – OPINION AND ORDER

counts of unlawful termination based on Plaintiff's good faith complaint of sexual harassment of co-employees and whistleblowing, in violation of Oregon law. Defendant timely removed the action to federal court. Plaintiff moves to quash Defendant's third-party subpoenas issued to Plaintiff's former employers and others (ECF 12) and for a protective order (ECF 14) limiting Defendant's 106 separate requests for production of documents served on Plaintiff.

## STANDARDS

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The Federal Rules of Civil Procedure promote a "broad and liberal" policy of discovery. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The right to discovery, however, is not unlimited. A court must limit the extent of otherwise allowable discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

In addition, Rule 1 of the Federal Rules of Civil Procedure provides that these rules "should be construed, administered, and employed *by the court and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding" (emphasis added). The advisory committee note to the 2015 Amendment, which added the italicized text, explains:

> Most lawyers and parties cooperate to achieve these ends. But discussions of ways to improve the administration of civil justice regularly include pleas to discourage over-use, misuse, and abuse

PAGE 2 – OPINION AND ORDER

> of procedural tools that increase cost and result in delay. Effective advocacy is consistent with — and indeed depends upon — cooperative and proportional use of procedure.

Fed. R. Civ. P. 1 advisory committee's note to 2015 amendment.

## DISCUSSION

**A. Motion to Quash**

Plaintiff moves to quash three subpoenas issued to third parties. ECF 12. Defendant issued two subpoenas to former employers of Plaintiff and a third subpoena to a business with which Plaintiff previously was affiliated. Plaintiff argues that the three third-party subpoenas seek documents that are neither relevant nor likely to lead to relevant or admissible evidence. According to Plaintiff, nothing sought by the subpoenas would tend to prove or disprove any issue in this case. Defendant responds that the admissibility of Plaintiff's prior employment records is not the appropriate standard and that those records (including Plaintiff's personnel file, attendance, compensation, pay, benefits, performance, disciplinary, and termination records) may be relevant to liability or damage issues in this case.

Plaintiff does not assert that any of the documents subject to Defendant's third-party subpoenas are privileged. The Ninth Circuit has not yet ruled on whether a party has standing to bring a motion to quash a subpoena served on a third-party. "The general rule, however, is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." *California Sportfishing Protection Alliance v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014); *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997).

Some courts, however, also recognize that a party may move to quash a third-party subpoena upon a showing that there is an applicable privacy interest, even if that interest does not rise to the level of a privilege. *Id.; see also Broadcort Capital Corp. v. Flagler Securities,*

PAGE 3 – OPINION AND ORDER

*Inc.*, 149 F.R.D. 626 (D. Colo. 1993); *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995). Absent a specific showing of either a privilege or privacy interests, a court may not quash a subpoena *duces tecum*. Plaintiff did not expressly invoke his privacy interests as a basis for his motion to quash. Accordingly, the Court need not determine the scope or limits of such an argument. Plaintiff's motion to quash (ECF 12) is denied.

### B. Plaintiff's Motion for Protective Order

Plaintiff also moves for a protective order against having to respond to Defendant's first set of requests for production of documents. ECF 14. In its request, Defendant specifies 106 separate requests for production of documents, after including seven pages of definitions and instructions. Defendant's first four requests for production set the tone.

Defendant's first request for production seeks: "All documents that in any way refer to, relate to, or support the allegation in Paragraph 3 of your Complaint that '[o]n or about December of 2013 Defendant hired Plaintiff as an employee.'" ECF 15 at 10. Defendant's second request seeks: "All documents that in any way refer to, relate to, or support the allegation in Paragraph 3 of your Complaint that 'Plaintiff's job title was Asset Protection Specialist.'" It is curious why Defendant (which hired Plaintiff and determined his job title) would ask for this information, especially in light of the fact that more than three months before serving Defendant's document request on Plaintiff, Defendant *admitted* the allegations of Paragraph 3 of Plaintiff's Complaint. ECF 6 at 1 (Answer, admitting the allegations contained in Paragraph 3 of the Complaint); ECF 1-1 at 1 (Complaint, alleging at Paragraph 3 that "On or about December of 2013 Defendant hired Plaintiff as an employee. Plaintiff's job title was Asset Protection Specialist.").

In addition, Defendant's third request for production seeks: "All documents that in any way refer to, relate to, or support the allegation in Paragraph 4 of your Complaint that '[a]ll

PAGE 4 – OPINION AND ORDER

material events described herein occurred within the State of Oregon.'" ECF 15 at 10. Defendant's fourth request for production seeks: "All documents that in any way refer to, relate to, or support the allegation in Paragraph 5 of your Complaint that '[o]n or about May 6, 2015, Plaintiff filed a written complaint with the management of Defendant regarding the sexual harassment of female co-employees of Defendant in the Portland area.'" *Id*. at 11. This pattern continues for a total of 106 separately numbered requests for production. Moreover, the parties agreed to exchange (rather than waive) all of the initial disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure, yet Defendant served its 106 requests for production without first seeing Plaintiff's initial disclosures and indeed well before those initial disclosures were even due.

Defendant's approach to discovery in this case is inconsistent with Rule 1. Plaintiff's motion for protective order (ECF 14) is granted. After Defendant has reviewed Plaintiff's initial disclosures, Defendant and Plaintiff shall, in good faith, meet in person and confer about discovery as required under Rule 26(f) of the Federal Rules of Civil Procedure, which the parties have not yet done. Only then may Defendant propound a more reasonable set of requests for production, if needed, consistent with both the letter and spirit of the federal rules.

## CONCLUSION

Plaintiff's motion to quash (ECF 12) is denied. Plaintiff's motion for protective order (ECF 14) is granted.

**IT IS SO ORDERED**.

DATED this 24th day of March, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 5 – OPINION AND ORDER